**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ELTON LLOYD STONER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:09-CV-84 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court on the government's motion to produce an affidavit. In its motion, the government moves the Court for an order requiring movant's attorney in his criminal proceeding, Assistant Federal Public Defender Scott F. Tilsen, to file an affidavit regarding his communications with movant in that proceeding, specifically as it relates to a possible insanity defense and the filing of an appeal. In this same motion, the government seeks an order directing the United States Bureau of Prisons to transport movant to a psychiatric facility to undergo a psychiatric examination "for the purpose of obtaining an opinion as to Stoner's mental competence on March 10, 2008 and an opinion regarding Stoner's sanity on May 27, 2007, when he committed the indicted offense."

On June 30, 2009, movant filed a motion pursuant to 28 U.S.C. § 2255 alleging that Mr. Tilsen was ineffective for "failure to investigate an insanity defense or request a competency examination." (Mot. at 5).[1] Movant also states that defense counsel failed to file a notice of appeal. Id. at 6. The government states that the attorneys within the Federal Public Defender's Office in the Eastern District of Missouri, including Mr. Tilsen, will not voluntarily prepare affidavits related to claims of ineffective assistance of counsel raised by their clients. The government seeks an order

---

[1]Movant refers to a Memorandum of Law, but no such document was filed.

requiring Mr. Tilsen to prepare an affidavit addressing the points raised against him in movant's § 2255 motion. "If this motion is granted, the United States Attorney's Office will then file the affidavit and any related documentation as an attachment to the Government's Supplemental Answer to Stoner's § 2255 Motion." Mot. at ¶ 4.

Based on settled law, a client may waive protection of the attorney/client privilege either expressly or impliedly. See Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985). This privilege is waived "when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence." Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974). Similar to Tasby, the allegations in movant's § 2255 motion call into question the competence of his attorney and put into question the substance of his communications with Mr. Tilsen. Movant has therefore waived the attorney/client privilege.

The Court does not understand Mr. Tilsen's apparent reluctance to file an affidavit related to movant's claims of ineffective assistance of counsel. The Court will order Mr. Tilsen to either prepare an affidavit addressing the points raised against him in movant's § 2255 motion or show cause why such an affidavit should not be prepared.

To the extent the government's motion requests an order directing a psychiatric examination of movant, the motion should have been filed separately and should have been accompanied by a supporting memorandum of law. As it is, the motion was tacked onto the government's motion to produce an affidavit and no legal authority was cited authorizing the Court to order such an examination. The Court will deny the motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion to produce affidavit is **GRANTED** in part and **DENIED** in part. [Doc. 7]

**IT IS FURTHER ORDERED** that by September 29, 2009, Assistant Federal Public Defender Scott F. Tilsen shall either prepare an affidavit addressing the points raised against him in movant's § 2255 motion or shall show cause why such an affidavit should not be prepared.

**IT IS FURTHER ORDERED** that to the extent the government's motion seeks an Order directing the United States Bureau of Prisons to transport movant to a psychiatric facility to undergo a psychiatric examination, the motion is **DENIED without prejudice**.

 

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of September, 2009.