## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELTON LLOYD STONER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:09-CV-84 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Elton Lloyd Stoner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The government has responded. Movant did not file a reply memorandum and the time to do so has long passed, so movant's right to reply is waived. For the following reasons, the Court concludes that the grounds asserted by movant are without merit and should be dismissed without an evidentiary hearing.

**Background**

On October 25, 2007, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a one-count indictment against movant Elton Lloyd Stoner. United States v. Stoner, Case No. 1:07-CR-170 CAS. The Indictment charged that on or about May 27, 2007, movant possessed a firearm that affected interstate commerce after he had been convicted of felony offenses, in violation of 18 U.S.C. § 922(g)(1). The Indictment also notified movant that he was eligible for sentencing under 18 U.S.C. § 924(e) as an Armed Career Criminal. Movant was arrested and made his initial appearance on this charge on November 13, 2007.

On January 2, 2008, movant filed a Motion to Suppress Statements. An evidentiary hearing was held on the motion to suppress on January 11, 2008, before United States Magistrate Judge

Mary Ann L. Medler.  On January 22, 2008, Magistrate Judge Medler issued a Report and Recommendation which recommended that movant's Motion to Suppress Statements be denied. Movant did not file any objections to the Report and Recommendation.  On February 21, 2008, the undersigned entered an Order adopting the recommendations of Judge Medler.

On March 10, 2008, movant appeared with his attorney and entered a plea of guilty to the Indictment.  At the time of the plea, movant had entered into a written Plea Agreement, which was filed with the Court.  Pursuant to the Plea Agreement, movant agreed to plead guilty to being a Felon in Possession of a Firearm as charged in the Indictment.  The parties recommended a Base Offense Level no higher than 33 and a Total Offense Level no higher than 30, after a three-level reduction for acceptance of responsibility.

Movant agreed that by entering a plea of guilty, he waived his right to a jury trial.  Movant agreed that his attorney had explained those rights to him and the consequences of his waiver of those rights.  Furthermore, movant stated in the Plea Agreement that he was:

> [F]ully satisfied with the representation from defense counsel.  The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

Plea Agreement at 11.

The terms of the Plea Agreement provided that the parties agreed to a partial waiver of appellate rights.  Movant reserved his right to appeal sentencing issues, including the length of the sentence, the determination of the Total Offense Level, the Criminal History Category and Armed Career Criminal status.  Movant waived his right to appeal all non-jurisdictional issues.  Movant also agreed to waive his right to file a motion 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at time of sentencing.  The government concedes that

movant may file the instant motion under § 2255 and that the waiver provision in the Plea Agreement does not apply to the two specific claims raised by movant's § 2255 motion.

On March 10, 2008, movant appeared and entered his plea of guilty to the Indictment.  The following exchange took place regarding movant's competency to proceed:

THE DEFENDANT: Yes, sir.

THE COURT: Very well.  I need to ask you a few questions to assure that your plea is voluntary and knowing; that is, you are doing this of your own free will and you understand what you are doing.  First of all, how old are you?

THE DEFENDANT: Twenty-three.

THE COURT: And how far have you gone in school?

THE DEFENDANT: College, two years.

THE COURT: Are you presently under the influence of any drugs, alcohol, or medication?

THE DEFENDANT: No, Your Honor – medication, Your Honor.

THE COURT: And what is that?

THE DEFENDANT: Just stuff for my mental health.

THE COURT: Is that causing you any problem with participating in these proceedings or understanding what is going on?

THE DEFENDANT: No, Your Honor.

THE COURT: Very well.  Are you suffering from any – you'll let us know if you do have a problem in that regard?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you suffering from any mental disease or defect?

THE DEFENDANT: I'm classified schizoaffective.

THE COURT: Mr. Tilsen.

MR. TILSEN: He does have a mental illness.  He's medicated for it.  And I talked to Mr. Stoner, and I believe he's competent to proceed.

THE COURT: You have any question about that, Mr. Willis?

MR. WILLIS: No, Your Honor.

THE COURT: Very well.  If you have any problem with understanding what is going on or otherwise problems, you'll make us aware of that, Mr. Stoner?

THE DEFENDANT: Yes, Your Honor.

(Plea Tr., at 2-4).

The Court accepted movant's guilty plea and found him guilty as charged.  A sentencing hearing was set for June 9, 2008.

Following the plea, a Presentence Investigation Report ("PSR") was prepared by United States Probation Officer Paul H. Boyd.  The PSR showed movant's Total Offense Level at 31, one level higher than agreed to by the parties.  Movant's Criminal History Category was set at VI, and his sentencing range was calculated to be 188 to 235 months.  The PSR also discussed movant's previous mental health issues, as follows:

## MENTAL AND EMOTIONAL HEALTH

86. The defendant suffers from Schizo-Affective Disorder, Manic Depression, and Auditory Hallucinations, and he is presently prescribed Prozac and Thorazine to treat these conditions (verification pending).  He further has been diagnosed as having Antisocial Personality Disorder.  The defendant has a history of Seizure Disorder fueled by his various psychotropic medications, and is presently prescribed Cogentin to control the seizures.  The defendant reported that he has a history of Depression and Anxiety Disorder, but stated that these issues have waned as his more recent issues have taken hold.  As a youth, and throughout his adolescence, the defendant was treated for his various mental health disorders at several inpatient mental health facilities, including Fergus Falls, Minnesota Regional Treatment Center, Timberland Adolescent Treatment Center, Brainerd, Minnesota, Lakeland Mental Health Center, Glenwood, Minnesota, Bar None Residential Treatment, Anoka, Minnesota, and St. Mary's Hospital Psychiatry and Psychology Treatment Center, Rochester, Minnesota.

4

87. Records received from Bar-None Residential Treatment Center, Anoa, Minnesota, reflect the defendant was placed in the facility on April 2, 1997 after assaulting his father by hitting him in the face with a dinner place (vf). Stoner's referral diagnosis was Oppositional Defiant Disorder. After evaluation, he was diagnosed with Conduct Disorder, Childhood - Onset Type and Mixed Substance Abuse. Stoner remained in the facility until February 25, 1999. Additional records from the facility reflect that Stoner experienced significant problems with aggressive behavior and assaultive conduct.

88. Stoner was admitted to Elmore Academy, Elmore, Minnesota, on March 20, 2001, following his adjudication for Theft and Assault (vf). Records from the facility reflect Stoner engaged in aggressive behavior, threatening bodily injury to staff and peers. During his stay at Elmore, Stoner was diagnosed with Schizoaffective Disorder, Polysubstance Abuse, Conduct Disorder, and Post-Traumatic Stress Disorder. Medications prescribed during this time included Trazodone, Seraquel and Zoloft,

89. Stoner has attempted suicide on several occasions, most recently in 2006 by hanging. Stoner reported that his father intervened in his last suicided [sic] attempt, and he was subsequently placed in the mental health treatment facility at Twin Rivers Hospital in Kennett, Missouri for ten days. Stoner's other suicide attempts consisted of pill overdoses and cutting himself.

90. Stoner reported that he suffered from sexual abuse at age seven at the hands of a step-brother, and from age nine to twelve at the hands of other residents of the Bar None Residential Treatment Facility in Anoka, Minnesota.

## SUBSTANCE ABUSE

91. The defendant reported a serious, long term alcohol and substance abuse problem. In addition to smoking at least one-eighth ounce of marijuana per day, the defendant stated that he has abused nearly every illegal substance available. The defendant's substance abuse, coupled with his serious mental health difficulties, have contributed significantly to the defendant's legal troubles over the years. The defendant reported that his alcohol abuse had become much more problematic in recent years. The defendant participated in long term substance abuse treatment as a juvenile at Elmore Academy in Elmore, Minnesota (vf). Further, Stoner was admitted to West Central Regional Juvenile Center, Moorhead, Minnesota, on June 7, 2000, and released on October 3, 2000, after completing inpatient substance abuse treatment (vf). The defendant stated that he would like to participate in substance abuse treatment while in the custody of the Bureau of Prisons.

PSR at 11-12.

The sentencing hearing was held on June 9, 2008.  Prior to the hearing, movant objected to the PSR's conclusion that his Total Offense Level was 31.  The government conceded this objection.  Movant's Total Offense Level was amended to 30, and his Guideline range became 180 to 188 months.  (Sent. Tr. at 2, 3).  The Court sentenced movant to a term of imprisonment of 180 months, followed by three years of supervised release and a $100 special assessment.  Movant did not appeal either his conviction or sentence.

On June 30, 2009, movant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

**Grounds**

Movant raises one ground in his § 2255 motion:

> 1.  Trial counsel was ineffective for failing to investigate an insanity defense or request a competency examination.

Question (c)(7) to Ground One on the form Motion to Vacate states, "If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue.[1]  Movant left Questions (c)(4) and (c)(5) blank, but states in paragraph (c)(7):  "Defense counsel failed to file for notice of appeal."  Mot. to Vacate at 6.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To warrant relief under § 2255,

---

[1]Question (c)(4) states, "Did you appeal from the denial of your motion, petition, or application?"  Question (c)(5) states, "If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?"  Mot. to Vacate at 6.

6

the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d

7

at 1076 (citations omitted).  Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255.  Apfel, 97 F.3d at 1077.

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

## I.

On the form § 2255 motion filed by movant, the "Supporting Facts" section following Ground One states only, "See Memorandum of Law."  The § 2255 motion is not, however, accompanied by a memorandum of law.  Movant's § 2255 motion was accompanied by a "Motion to Hold § 2255 in Temporary Abeyance," which stated that the § 2255 motion was filed "expeditiously without a memorandum of law, affidavit in support, and only one claim for relief" because of the approaching filing deadline under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Movant requested a "temporary abeyance for no longer than 60 sixty days to allow him to properly research, prepare, and file the memorandum of law, and additional documentation in support of his claim(s)."  Mot. to Hold § 2255 in Abeyance at 1.

The Court denied without prejudice movant's Motion to Hold § 2255 in Temporary Abeyance by Order of July 10, 2009 (Doc. 4).  The Court instructed, "If movant seeks to file an amended motion to vacate, set aside, or correct sentence pursuant to § 2255, he should file a motion to amend his § 2255 motion."

8

The government sought and was granted two extensions of time to respond to the § 2255 motion, and filed its response on October 14, 2009.  Movant did not file a reply, a motion to amend his § 2255 motion, or any other document in this matter.  The Court finds that movant has waived the right to file any supporting memorandum of law or reply memorandum in this matter.

## II.

Ground One makes the conclusory assertion that movant's trial counsel was ineffective for failing to investigate an insanity defense or request a competency examination.  There are no facts alleged to support this ground.

It is fundamental that "[d]ue process prohibits the trial and conviction of a defendant who is mentally incompetent."  Vogt v. United States, 88 F.3d 587, 590 (8th Cir. 1996) (citing Drope v. Missouri, 420 U.S. 162, 172 (1975)).  "This is the 'substantive' competency principle."  Id.  "[D]ue process [also] requires that a hearing be held whenever evidence raises a sufficient doubt about the mental competency of an accused to stand trial."  Griffin v. Lockhart, 935 F.2d 926, 929 (8th Cir. 1991) (footnote omitted).  The Eighth Circuit has explained that "this procedural competency principle operates as a safeguard to ensure that the 'substantive' competency principle is not violated."  Vogt, 88 F.3d at 590 (quoting Griffin, 935 F.2d at 929) (brackets and quotation marks omitted).  "Claims involving these principles raise similar but distinct issues: the issue in a substantive competency claim is whether the defendant was in fact competent to stand trial, but the issue in a procedural competency claim is whether the trial court should have conducted a competency hearing."  Vogt, 88 F.3d at 590-91 (cited cases omitted).  "A denial of either of these rights may provide the basis for habeas relief."  Id. at 591.

The test for determining competency is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and whether he has

9

"a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).  "The burden of persuasion [is] on petitioner to show that he was incompetent by a preponderance of the evidence." Vogt, 88 F.3d at 591.  It is not enough for a movant to simply assert that he had a history of mental illness.  See, e.g., Crawn v. United States, 254 F. Supp. 669, 673 (M.D. Pa. 1966) ("That there may be something mentally wrong with a defendant or that he may be emotionally unstable does not necessarily render him mentally incompetent to understand the proceedings against him").  "A prisoner or movant is not entitled and need not be permitted after his conviction or plea of guilty to make bald charges of mental incompetency . . . for the purpose of simply obtaining an excursion from the penitentiary." Simmons v. United States, 227 F. Supp. 778, 785 (W.D. Ark. 1964) (citing Hayes v. United States, 305 F.2d 540, 543 (8th Cir. 1962) (per curiam)).  Before movant would be entitled to a hearing on his motion, he must support his claim of incompetence by factual allegations. Id. (citing Hartman v. United States, 310 F.2d 447, 448 (6th Cir. 1962) (per curiam); Fisher v. United States, 317 F.2d 352, 354 (4th Cir. 1963); United States v. McNicholas, 298 F.2d 914, 916 (4th Cir. 1962)).

The Court is mindful that pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519 (1972); Stringer v. St. James R-1 School District, 446 F.3d 799, 802 (8th Cir. 2006), but pro se pleadings "still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  The principle of liberal construction will not save a movant's pleading if it is based on conclusory or non-specific factual allegations.  See, e.g., Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985); Munz v. Parr, 758 F.2d 1254, 1259 (8th Cir. 1985).

The Eighth Circuit has stated it will not consider issues or grounds for relief that were not actually alleged in a prisoner's habeas petition.  Bracken v. Dormire, 247 F.3d 699, 702 (8th Cir.

2001).  The Eighth Circuit has cautioned district courts to be similarly mindful "to adjudicate on the merits only those claims that the prisoner properly raises and to avoid those issues that have not been properly raised."  Id.  The instant case is not one in which the movant has inartfully raised factual issues that implicate legal propositions he could not reasonably be held responsible for articulating. See White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976) (per curiam) (finding pro se petition should be "interpreted liberally and . . . should be construed to encompass any allegation stating federal relief.").  Instead, movant has merely asserted conclusions rather than statements of fact and, as such, his allegations cannot be accepted as true.  See Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

Movant is not entitled to an evidentiary hearing based only on conclusory allegations unsupported by specifics.  See Sanders v. United States, 341 F.3d at 722; Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996).  As a result, Ground One should be summarily denied.

In addition, the government has provided the affidavit of Assistant Federal Public Defender Scott F. Tilsen, who represented movant at trial.  With respect to the issue of movant's competency to stand trial, Mr. Tilsen's affidavit states that he was aware of movant's mental and emotional health issues, he explained the charges to movant, and movant did not indicate that he did not understand the nature of the charges or that he was unable to communicate with counsel or assist in his own defense:

> 7.  With respect to Mr. Stoner's competency to stand trial, he advised your Affiant of the information regarding his history of mental and emotional health issues as were ultimately set forth in paragraphs 86 though 90 of the Presentence Investigation Report.  Your Affiant explained the elements of the offense as well as the statutory penalty based on his criminal history.  At no time did Mr. Stoner indicate that he did not understand the nature of the charge against him nor did he indicate that his mental health problems caused him to be unable to communicate to counsel or assist in his defense within the meaning of the law.

Tilsen Aff. at 1, ¶ 7.

With respect to the issue of movant asserting a possible insanity defense, Mr. Tilsen's affidavit states that movant was advised of the requirements for and ramifications of successfully asserting such a defense, and that movant decided to instead pursue a defense of not guilty:

> 9.   With respect to assertion of an insanity defense, or for that matter, pursuing a finding of permanent incompetency to stand trial, your Affiant advised Mr. Stoner of the legal standards for assertion of an insanity defense as set forth in 18 United States Code § 17, as well as the consequences of successfully asserting either permanent incompetency to stand trial under 18 United States Code §4241 and 18 United States Code §4246, as well as the consequence of a verdict of not guilty by reason of insanity under 18 United States Code §4243.
>
> 10.   Based on your Affiant's conversations with Mr. Stoner, he concluded that a defense of not guilty rather than a defense of not guilty by reason of insanity, would be the preferable course of action.
>
> 11.   Your Affiant has no specific recollection of nor does a review of the file reflect any conversation with Mr. Stoner regarding his thought process leading to his decision to enter a plea of guilty.  Your Affiant does know that prior to the date of going to Court, the plea agreement was reviewed with Mr. Stoner, and its contents were explained to him.  The transcript of the guilty plea proceedings has not been reviewed by your Affiant, but he has no recollection that Mr. Stoner at any time indicated before or during those proceedings that he had changed his mind and wished to pursue a defense of not guilty by reason of insanity or that he did not, in fact, possess the firearm that was the subject matter of the charge against him.

Tilsen Aff. at 2, ¶¶ 9-11.

The Court finds Mr. Tilsen's averments to be credible.  As stated above, movant has not offered any factual allegations to support the conclusory allegations of Ground One.  In addition, the allegations of Ground One are refuted by the Tilsen affidavit and also by the plea colloquy, in which movant stated under oath that although he was on medication for serious mental illness, his illness did not cause him any problems with participating in or understanding the proceedings.

Movant is therefore not entitled to relief on this ground.

**III.**

As stated above, movant does not assert a separate ground of ineffective assistance of counsel for failure to file a notice of appeal, but does state, "Defense counsel failed to file for notice of appeal." Mot. to Vacate at 6. Liberally construing the motion to vacate, the Court will assume that movant asserts that his attorney was ineffective for failing to file a notice of appeal.

If a criminal defendant specifically instructs his attorney to file a notice of appeal, it is professionally unreasonable for counsel not to do so. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). The failure of an attorney "to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as required for other § 2255 petitions. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000).

Movant's § 2255 motion was signed under penalty of perjury, and therefore the Court treats it as an affidavit. Movant does not allege, however, that he requested or instructed his attorney to file an appeal. As stated above, movant makes only a conclusory assertion that his counsel "failed" to file a notice of appeal. It requires a leap of logic to read into the motion to vacate the assertion that movant actually requested or instructed the attorney to file a notice of appeal.

A claim of ineffective assistance of counsel based on the attorney's failure to file a notice of appeal after being instructed to do so can only succeed if the movant shows that he requested or instructed his counsel to file an appeal. Barger, 204 F.3d at 1182. In addition, a bare assertion by the movant that he made a request for an appeal to be filed is not, by itself, sufficient to support a grant of relief under § 2255, where other, more credible evidence indicates that no such request was made. See Green v. United States, 323 F.3d 1100, 1103 (8th Cir. 2003). The affidavit of movant's counsel, Mr. Tilsen, states in pertinent part,

13

> 6.  With respect to the filing of a Notice of Appeal, Mr. Stoner neither requested in writing nor indicated in any verbal or oral fashion that he desired a Notice of Appeal to be filed.  The sentence imposed, 180 months, is the minimum sentence available under the law for the offense of which he was convicted.

Tilsen Aff. at 1, ¶ 6.  This averment is unopposed and the Court finds it credible.

The Court finds that this is a case "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken."  Flores-Ortega, 528 U.S. at 478.  The Court must therefore determine whether counsel consulted with movant about an appeal and, if not, whether the failure to consult was unreasonable.  See Parsons v. United States, 505 F.3d 797, 799 (8th Cir. 2007).  "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Flores-Ortega, 528 U.S. at 480.  "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  Id. at 484.

There is no evidence in the record concerning whether counsel consulted with movant about filing an appeal.  The Court will assume for purposes of this opinion that no such consultation occurred.  Thus, the relevant inquiry is whether counsel's failure to consult about an appeal was ineffective assistance.  The Supreme Court has instructed "that the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal."  Flores-Ortega, 528 U.S. at 479.  The Supreme Court declined to adopt a bright-line rule, however, observing "that factors such as those present in this case--whether defendant pleaded guilty, received the sentence bargained for, and expressly waived some or all of his appeal rights--are highly relevant in determining 'whether a rational defendant would have desired an appeal or that the particular

14

defendant sufficiently demonstrated to counsel an interest in an appeal.'" <u>Parsons</u>, 505 F.3d at 799 (quoting <u>Flores-Ortega</u>, 528 U.S. at 480).

Under the circumstances of this case, where movant pleaded guilty, received the mandatory minimum sentence, expressly waived his appeal rights except for non-jurisdictional issues, did not clearly raise the issue of failure to file a notice of appeal as a ground for relief in this § 2255 motion, and did not allege that he requested or instructed counsel to appeal, the Court finds and concludes that a rational defendant would not have desired an appeal, and that this movant did not demonstrate to counsel an interest in filing an appeal.  The Court concludes that counsel was not ineffective for failing to consult with movant about an appeal.  Further, movant cannot show prejudice because he has not demonstrated "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  <u>See</u> <u>Flores-Ortega,</u> 528 U.S. at 484.

Therefore, to the extent the instant § 2255 motion asserts that counsel was ineffective for failing to file a notice of appeal, this ground is without merit and should be dismissed.

**<u>Conclusion</u>**

For the foregoing reasons, the Court finds that each of the grounds raised in Movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit and should be dismissed without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that movant Elton Lloyd Stoner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**.  [Doc. 1]

15

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this memorandum and order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  2nd  day of November, 2011.